IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 04–cv–02600–EWN

RICHARD L. HALEY,

    Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

This matter is before the court on Plaintiff's "Motion for [Equal Access to Justice Act] Attorney Fees," filed March 13, 2006. Plaintiff, who prevailed on appeal in his suit challenging the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for social security disability insurance benefits, now seeks an attorney's fee from the Commissioner of Social Security (the "Commissioner") under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006). This court has jurisdiction under 28 U.S.C. § 2412 (2006).

**FACTS**

*1.   Factual Background*

The facts of this case are fully set out in my December 1, 2005 Order.  (Order and Mem. of Decision at 1–5 [filed Dec. 1, 2005] [hereinafter "Order"].)  Familiarity therewith is assumed.

*2.   Procedural History*

Plaintiff applied for disability insurance benefits on May 16, 2002 and supplemental security income benefits on April 24, 2002.  (Admin. R. at 87–89, 259–60 [filed Feb. 28, 2005] [hereinafter "Admin. R."].)  On September 13, 2002, the Social Security Administration denied Plaintiff's application.  (*Id.* at 71.)  On January 28, 2004, the ALJ held a hearing on Plaintiff's claim, at which Plaintiff and a vocational expert ("VE") testified.  (*Id.* at 208–309.)

On April 16, 2004, the ALJ issued a decision determining that Plaintiff was not disabled, because he retained the residual functional capacity ("RFC") to perform light work.  (*Id.* at 305.) Accordingly, the ALJ concluded that Plaintiff was not entitled to disability insurance benefits during Plaintiff's alleged period of disability.  (*Id.*)  Plaintiff appealed this decision, and on October 20, 2004, the Appeals Council declined to review the ALJ's determination.  (*Id.* at 7–10.)  Thus, the ALJ's decision became the Commissioner's final decision for the purposes of the present appeal.

Plaintiff filed a complaint in this court on December 17, 2004, challenging the Commissioner's denial of disability insurance benefits.  (Compl. [filed Dec. 17, 2004].)  In an order dated December 1, 2005, this court reversed and remanded the Commissioner's decision for further administrative proceedings based on the ALJ's reliance on an imprecise hypothetical in

making his disability determination. (Order at 11–12.) On March 13, 2006, Plaintiff filed a motion for award of an attorney's fee. (Mot. for EAJA Att'y Fees [filed Mar. 13, 2006] [hereinafter "Pl.'s Br."].) Plaintiff argues he is entitled to an attorney's fee because: (1) he is a "prevailing party;" and (2) the position of the Commissioner in this litigation was not substantially justified. (Pl.'s Br.) On March 27, 2006, the Commissioner responded to the motion. (Def.'s Obj. to Pl.'s Mot. for EAJA Att'y Fees [filed Mar. 27, 2006] [hereinafter "Def.'s Resp."].) Plaintiff did not file a reply brief in support of his motion.

## ANALYSIS

### 1. *Standard of Review*

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . ., including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A) (2006). A fee award is thus required if: (1) Plaintiff is a "prevailing party;" (2) the position of the United States was not "substantially justified;" and (3) there are no "special circumstances" that make the award unjust. *Comm'r v. Jean*, 496 U.S. 154, 159 (1990); *Valdez v. Barnhart*, No. 05-1056, 2006 U.S. App. LEXIS 18406, at *3 (10th Cir. July 19, 2006). Under the EAJA, the Commissioner bears the burden of showing that her position was substantially justified. *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). To meet this burden, the Commissioner must show that her case had a reasonable basis in law and fact. *Id.* The Supreme Court has held that "substantially justified" means "justified in substance or in the

main," that is, "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A position can be justified even though it is not correct, and . . . it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The Commissioner's success or failure on the merits may be evidence of whether its position was substantially justified, but success or failure alone is not determinative of the issue. *Hadden*, 851 F.2d at 1267. Consequently, "a lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified." *Id.* at 1269. As this circuit has recognized:

> "Since a social security appeal usually will be reversed only if the court finds the [ALJ's] position to lack substantial evidence, the practical effect of viewing 'substantial evidence' and 'substantially justified' as synonymous would be that attorney fee awards would become automatic in virtually all successful social security appeals. This would be contrary to the clearly expressed intent of Congress that fees under the EAJA not be awarded automatically when the plaintiff prevails against the Government."

*Id.* (quoting *Cohen v. Bowen*, 837 F.2d 582, 585–86 [2d Cir. 1988]).

### *2.   Evaluation of Claims*

In the instant case, the parties do not dispute that Plaintiff is a "prevailing party," and the Commissioner does not assert that there are "special circumstances" rendering an award unjust. (*See* Def.'s Resp.) The parties do contest whether the Commissioner's position in this litigation and at the Social Security Administration was "substantially justified." (*Id.* at 5–7.) Further, the Commissioner argues that if this court determines an attorney's fee award is appropriate, Plaintiff's compensable hours should be reduced. (*Id.* at 7–8.) I find that: (1) Plaintiff is entitled

-4-

to an attorney's fee award, because the Commissioner's defense of the ALJ's reliance on an imprecise hypothetical did not have a reasonable basis in law; and (2) Plaintiff's sought hourly rate and number of compensable hours should be reduced.

### *a.*     *Preliminary Matter: Timeliness*

As a preliminary matter, the Commissioner asserts that Plaintiff's motion for fees should be denied because it is untimely. (Def.'s Resp. at 4–5.) The Commissioner claims that because this court issued its order reversing and remanding the disability determination on December 1, 2005, Plaintiff had ninety days from that date to file a motion for attorney's fees. (Def.'s Resp. at 4–5.) Plaintiff, however, filed his motion for fees on March 13, 2006, one hundred and three days after the date of the order against the Commissioner. (*See* Pl.'s Br.) The Commissioner's argument is disingenuous. I find Plaintiff's motion was timely.

The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses . . . ." 28 U.S.C. § 2414(d)(1)(B) (2006). The Supreme Court has interpreted the phrase "final judgment" to mean judgments entered by a court of law, not an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991). "The [thirty]-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.*; 28 U.S.C. § 2412 (d)(2)(G) (2006) ("'final judgment' means a judgment that is final and not appealable. . . ."). Additionally, Federal Rule of Appellate Procedure 4(a)(1) mandates that a judgment against a federal agency must be appealed within sixty days after entry of judgment. Fed. R. App. P. 4(a)(1) (2006). Thus, accounting for the sixty days to appeal a judgment against a federal agency and the thirty

days after entry of final judgment to seek an attorney's fee award, a social security disability plaintiff typically must file a motion for an attorney's fee within ninety days of entry of judgment. *See* 28 U.S.C. § 2412 (d)(1)(B), (d)(2)(G) (2006); Fed. R. App. P. 4(a)(1) (2006).

As the Commissioner states in his brief, "A judgment against a federal agency is appealable for [sixty] days after *entry of judgment*." (Def.'s Resp. at 4.) However, the decision contained in my December 1, 2005 Order did not become effective under the Federal Rules of Civil Procedure until the clerk entered final judgment on December 13, 2005. Federal Rule of Civil Procedure 58 establishes that most judgments are ineffective until set forth in a separate document. Fed. R. Civ. P. 58(a) – (b) (2006). The 1963 advisory committee notes make clear that the purpose of this rule was to quell any uncertainty as to what actions of the district court would constitute an entry of judgment. *See U.S. v. Indrelunas*, 411 U.S. 216, 220 (1973); *Clough v. Rush*, 959 F.2d 182, 185 (10th Cir. 1992). "To eliminate these uncertainties, which spawned protracted litigation over a technical procedural matter, Rule 58 was amended to require that a judgment was to be effective only when set forth on a separate document." *Indrelunas*, 411 U.S. at 220. This circuit has held the separate document rule does not apply when "'there is no question about the finality of the court's decision.'" *Clough*, 959 F.2d at 185 (quoting *Slade v. United Postal Serv.*, 952 F.2d 357, 359 n.1 [10th Cir. 1991].) However, lengthy orders containing detailed legal analysis and reasoning leave the finality of the court's decision open, and thus cannot constitute entry of a final judgment triggering the appeal process. *See id.* (holding a fifteen page order containing detailed legal analysis and reasoning "could not, standing alone, trigger the appeal process"); *Herrera v. First Northern Sav. & Loan Assoc.*, 805 F.2d 896,

898–99 (10th Cir. 1986) (holding time period for notice of cross-appeal "is computed from the order's entry on the civil docket, not the date of its filing").

In the instant case, although I filed my Order on December 1, 2005, judgment was entered by the Clerk on December 13, 2005.  (J. by Clerk [filed Dec. 13, 2005].)  My Order was twelve pages long and contained detailed legal analysis and reasoning, and thus could not have constituted entry of a final judgment triggering the appeal process.  (*See* Order.)  *See Clough*, 959 F.2d at 185; *Herrera*, 805 F.2d at 898–99.  Thus, the time limit on filing for appeal did not begin to toll until entry by the Clerk of final judgment on December 13, 2005.  Plaintiff filed his motion for fees ninety days later on March 13, 2005, rendering his motion timely.  *See* 28 U.S.C. § 2412 (d)(1)(B), (d)(2)(G) (2006); Fed. R. App. P. 4(a)(1) (2006).

### b.     *Substantial Justification*

Plaintiff implicitly argues the Commissioner was not substantially justified in defending the ALJ's reliance upon an imprecise hypothetical in making his disability determination.[1]  (Pl.'s Br.)  When an ALJ relies on a VE's testimony in making a disability determination, the hypotheticals the ALJ uses to elicit that testimony must "relate with precision all of claimant's impairments."  *Hargis v. Sullivan*, 945 F.2d 1482, 1491 (10th Cir. 1991).  In the instant case, the ALJ found

---

[1] Plaintiff's argument is implicit because, although Plaintiff avers in his motion for fees that the Commissioner's position was not substantially justified, Plaintiff is not explicit as to what specific position of the Commissioner's was not substantially justified.  (*See* Pl.'s Br. at 1.)  Nevertheless, because my December 1, 2005 Order reversed and remanded the case on the basis of only one error, I—like the Commissioner—operate under the assumption that Plaintiff is referring to the Commissioner's defense of the ALJ's reliance on an imprecise hypothetical.  (*See* Order at 11–12; Def.'s Br. at 5–7.)

Plaintiff suffered from the following severe impairments: (1) gout; (2) neck, back, and left knee pain; (3) obesity; (4) hepatitis C; (5) sleep apnea; (6) personality disorder; (7) history of depression; (8) attention deficit disorder; (9) post-traumatic stress disorder; and (10) substance abuse. (Admin. R. at 21.) At the January 2004 hearing, the ALJ asked the VE to consider a hypothetical individual with the same age, education and work history as Plaintiff, as well as the following limitations:

> Occasionally lift up to [twenty] pounds; could stand and walk six hours in an eight-hour day; could only occasionally bend, stoop, and crouch; could understand, remember, and carry out only certain simple instructions and not detailed or complex instructions; and [] could tolerate only occasional contact with coworkers.

(*Id.* at 302.) The VE testified that the individual described in the hypothetical could perform the following light, unskilled jobs: (1) small products assembler; (2) electronics worker; (3) buffer; and (4) hand packer. (*Id.* at 305.) The ALJ relied exclusively on the VE's testimony in determining Plaintiff could perform work existing in significant numbers in the national economy. (*Id.* at 20 ["The undersigned accepts the [VE's] testimony and finds that a significant number of jobs exist in the national economy which [Plaintiff] is capable of performing."].)

I determined in my December 12, 2005 Order that the ALJ's hypothetical was imprecise, because he omitted several of Plaintiff's noted impairments. (Order at 11–12.) Specifically, the ALJ failed to consider Plaintiff's: (1) fatigue resulting from sleep apnea; (2) shortness of breath due to obesity or obstructive airway disease; and (3) pain and limitations associated with gout. (*Id.* at 12.) The Commissioner argues that her defense of the ALJ's reliance on the hypothetical at issue was substantially justified, because the hypothetical "contain[ed] all of the limitations

-8-

found to exist by the ALJ" and "[n]o objective evidence supports a finding that any additional limitations existed due to pain, gout, a lung impairment, obesity, or fatigue due to sleep apnea." (Def.'s Resp. at 6–7.) I disagree.

Record evidence shows numerous diagnoses and treatment of Plaintiff's pain from gout. (Admin. R. at 199 [treated for gout in left foot and leg], 201 [limping, right foot swollen, treated for gout], 228 [complained of gout radiating from big toe through entire body], 234–237 ["claimant has gouty attack at least once per month;" "unable to toe walk secondary to pain from a recent gouty attack"], 252–53 [complained of severe three-week gouty attack in left knee].) Similarly, Plaintiff's difficulty sleeping and fatigue is well document in the medical record. (*Id.* at 221 ["sleep is difficult"], 231 ["difficulty sleeping because of his chronic pain"], 234 [complained of awakening during the night gasping for breath and hypersomnolence during the day with associated fatigue; "symptoms consistent with sleep apnea"].) Finally, physical examination of Plaintiff revealed he experienced shortness of breath upon exertion due to obesity or obstructive airway disease. (*Id.* at 247–48.) The record evidence of this impairment is uncontested. (*See id.*)

Although the ALJ recognized that Plaintiff was impaired by gout, obesity, and sleep apnea, the ALJ nevertheless failed to give credence to Plaintiff's fatigue, pain, and shortness of breath—the symptoms of these impairments—in his hypothetical. (*Id.* at 15–22.) As such, the hypothetical was imprecise and "cannot constitute substantial evidence to support the [ALJ's] decision." *Hargis*, 945 F.2d at 1491–92; *see Jordan v. Heckler*, 835 F.2d 1314, 1316 (10th Cir. 1987) (citing *Talbot v. Heckler*, 814 F.2d 1456, 1465 n.6 [10th Cir. 1987]) ("An ALJ's reliance on a [VE] who was not asked to consider the pain alleged could be improper if the claimant's pain

has been or should have been found to hinder his ability to perform a full range of the work in question."); *Rose v. Shalala*, 34 F.3d 13, 19 (1st Cir. 1994) ("Because the ALJ's hypothetical assumed that fatigue did not pose a significant functional limitation for [Plaintiff], and because the medical evidence did not permit that assumption, the ALJ could not rely on the [VE's] response as a basis for finding [Plaintiff] not disabled."); *Velasquez v. Apfel*, 28 F. Supp. 2d 1285, 1286 (D. Colo. 1998) (finding a hypothetical was imprecise when it "failed to include any reference to pain, despite repeated references [to pain] in the record"); *Pasillas v. Shalala*, 933 F. Supp. 1327, 1335 (D. Colo. 1998) ("Because the ALJ did not consider the effects of [Plaintiff's] pain in assessing his [RFC], there was not substantial evidence to conclude that [Plaintiff] was capable of performing a full range of sedentary jobs."). Consequently, and as I found in my December 12, 2005 Order, because the ALJ failed to include all of Plaintiff's impairments borne out by the record in his hypothetical to the VE, the VE's testimony cannot constitute substantial evidence to support the ALJ's disability determination. (*See* Order at 11–12.)

Now, the court must ask whether the Commissioner's defense of the ALJ's reliance on an imprecise hypothetical had a reasonable basis in law and fact. *See Flores v. Shalala*, 49 F.3d 562, 566, 572 (9th Cir. 1995) (finding that when determining whether the government was substantially justified, court should focus on government's position on issue that led to remand rather than on ultimate issue of disability). In her disability response brief, the Commissioner defended the ALJ's hypothetical as properly formulated, explaining in a conclusory fashion that "[i]n assessing Plaintiff's [RFC], the ALJ [] considered the entire record, which reflected no significant functional limitations" other than those enumerated by the ALJ in his hypothetical.

(Def.'s Resp. Br. at 29 [filed May 16, 2005]).  Further, the Commissioner opined that the ALJ's assessment of Plaintiff was well founded considering the ALJ's credibility determination. (*Id.* at 28–29.)  I find the Commissioner's defense of the ALJ's reliance on an imprecise hypothetical was without reasonable basis in the law, and thus decline to discuss any factual basis for the hypothetical.

As discussed above, this circuit's caselaw definitively establishes that "[t]estimony elicited by hypothetical questions that do not relate with precision all of claimant's impairments cannot constitute substantial evidence to support the [ALJ's] decision." *Hargis v. Bowen*, 899 F.2d at 724; *Evans v. Chater*, 55 F.3d 530, 532 (10th Cir. 1995) (finding where the record supported some limitation on particular functions, "the ALJ's failure to include in his hypothetical inquiry to the vocational expert any limitation in this regard violated the established rule that such inquiries must include all [and only] those impairments borne out by the evidentiary record").  The Commissioner does not offer a single case which finds an ALJ's reliance on an imprecise hypothetical had a reasonable basis in law.  (Def.'s Resp.)  Here, the ALJ explicitly recognized severe impairments that uncontestedly resulted in Plaintiff's experiencing pain, fatigue and shortness of breath.  (Admin. R. at 31.)  Yet, the ALJ failed to direct the VE to consider any of these serious impairments. (*See id.* at 302.)  On the contrary, the ALJ asked the VE to presume Plaintiff could stand and walk for six hours each day, with no special requirements of regular rests, the opportunity to lie down, or the need to be absent from work with some regularity. (*Id.* at 302.)

If the ALJ was unsure as to the ways in which these impairments may have hindered Plaintiff's ability to work, Social Security Regulations mandate that the ALJ recontact Plaintiff's treating physician or other medical source, or—if that medical source cannot or will not provide the necessary findings—ask Plaintiff to attend one or more consultative examinations at the expense of the Social Security Administration. *See* 20 C.F.R. § 404.1512(e) – (f) (2006); *Ricketts v. Apfel*, 16 F. Supp. 2d 1280, 1293 (D. Colo. 1998) (citing *Thompson v. Sullivan*, 987 F.2d 1482, 1491 [10th Cir. 1993]) ("In the absence of evidence upon which to make a finding as to RFC, the ALJ should order a consultative examination to determine the claimant's capabilities.") The ALJ failed to do so in this case and, instead, seemed to simply presume that the impairments had no impact on Plaintiff's RFC.

Reliance on only precise hypotheticals is one of those "specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Reyes*, 845 F.2d at 244. As the Commissioner well knows, failure to follow such a rule inevitably constitutes reversible error. *See, e.g.*, *Culler*, 9 F.App'x at 843. Considering the wealth of caselaw in this circuit clearly delineating the requirement that an ALJ rely only on precise hypotheticals, I find the ALJ's reliance on an imprecise hypothetical, as well as the Commissioner's defense of that reliance, are without reasonable basis in law. *See Culler v. Massanari*, 9 F.App'x 839, 843 (10th Cir. 2001) (finding defense of ALJ's reliance on an imprecise hypothetical had no reasonable basis in law); *Ricketts*, 16 F. Supp. 2d at 1293, 1297 (finding an award of attorney's fees proper when "[t]he ALJ's hypothetical did not accurately include all of the limitations established by the record");

*Stephenson v. Shalala*, 846 F. Supp. 49, 51 (D. Kan. 1994) (granting attorney's fee because ALJ relied on an imprecise hypothetical in making his disability determination).

The Commissioner's argument that the ALJ's hypothetical was proper in light of the ALJ's credibility determination misses the mark. (*See* Def.'s Resp. Br. at 28–29 [filed May 16, 2005].) It is true that the ALJ did cast doubt on Plaintiff's credibility. (Admin R. at 18 [Plaintiff's "allegations that his impairments . . . produce symptoms and limitations of sufficient severity to prevent all sustained work activity is not considered to be fully credible."].) Further, a proper credibility determination could conceivably explain an ALJ's failure to include fatigue, pain, and shortness of breath in his hypothetical to the VE. Yet, the ALJ made no specific findings as to which parts of Plaintiff's testimony were not credible. (*Id.*) As such, I cannot presume that the ALJ's credibility determination is the cause of his failure to include all of Plaintiff's impairments in the hypothetical posed to the VE.[2] *See Clark v. Barnhart*, 64 F.App'x 688, 691 (10th Cir. 2003) (finding ALJ's imprecise credibility determination was not sufficient to discredit complaints regarding impairments not specifically addressed in the credibility determination); *see also Huston v. Bowen*, 838 F.2d 1125, 1133 (10th Cir. 1988) ("findings as to credibility should be closely and affirmatively linked to substantial evidence"). Based on the foregoing, I hold that the Commissioner's defense of the ALJ's reliance of an imprecise hypothetical was without reasonable basis in law, and thus a reasonable attorney's fee should be assigned against the Commissioner under the EAJA.

---

[2]I state no opinion as to whether such a link between the ALJ's credibility determination and his hypothetical, if established, would render the hypothetical at issue sufficiently precise.

### *3. Award of Attorney's Fees*

Having determined that Plaintiff has met the threshold condition for an award of fees under the EAJA, this court must now undertake the "task of determining what fee is reasonable." *INS v. Jean*, 496 U.S. 154, 161 (1990). The EAJA mandates that eligible plaintiffs should receive "reasonable attorney fees." 28 U.S.C. § 2412(d)(2)(A) (2006). "There is no precise rule or formula for making these determinations. . . . The [district] court necessarily has discretion in making this equitable judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 436–37 (1983). Still, the court should articulate "a concise but clear explanation of its reasons" for the fee award. *Id.* at 437. Further, the fee applicant bears the burden of establishing entitlement to an award. *Id.*

#### *a. Hourly Rate*

Plaintiff seeks compensation for 34.2 hours of work at $155.00 per hour, totaling $5,301.00. (Pl.'s Br. at 1.) The amount requested is supported by an affidavit of Plaintiff's attorney, purporting to explain how he spent his claimed hours preparing the case.[3] (*Id.*, Ex.1 [Newhall Statement of Hours].) The EAJA places a statutory cap of $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A) (2006). Plaintiff alleges no special factor to justify a higher fee in this case. (*See* Pl.'s Br.) Accordingly, Plaintiff's request for an hourly rate of greater than $125 must necessarily rest on a claimed increase in cost of living. Although the granting of a cost of living

---

[3] 28 U.S.C. § 2412(d)(1)(B) mandates that a prevailing party seeking attorney's fees, submit "an itemized statement from any attorney . . . representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed."

increase lies within the discretion of the district court, the burden of establishing the need for a cost of living increase rests with the fee applicant. *See Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citing *Hensley v. Eckerhart*, 461 U.S. at 437) ("The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates."); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996) (quoting *Blum v. Stenson*, 465 U.S. 866, 895–96 [1984]) ("'The burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community . . . .'"). Here, Plaintiff failed to proffer any evidence to support an increase in hourly rate. (See Pl.'s Br.) Plaintiff could have satisfied this burden by citing, *inter alia*, the Consumer Price Index. *See Dewalt v. Sullivan*, 963 F.2d 27, 29 (3d Cir. 1992) (relying on Consumer Price Index to calculate the proper cost of living adjustment). Thus, Plaintiff has failed to meets his burden of establishing the need for a cost of living increase, and I am constrained to award an hourly rate equivalent to the statutory cap of $125. *See* 28 U.S.C. § 2412(d)(2)(A) (2006).

### b. *Reasonableness of Time Expended*

Plaintiff seeks compensation for 34.2 hours of work. (Pl.'s Br. at 1.) The Commissioner only contests Plaintiff's attorney's expenditure of 25.3 researching and drafting Plaintiff's opening brief. (Def.'s Resp. at 8–9.) Specifically, the Commissioner avers that Plaintiff's attorney should be compensated for no more than eighteen hours for drafting and researching his opening brief. (*Id.* at 9.) Reviewing Plaintiff's opening brief, it appears to be well written and supported. (*See* Pl.'s Opening Br. [filed Apr. 18, 2005].) Nevertheless, the issues at hand were not complex and

the brief was not lengthy. (*Id.*) Based on this court's experience, Plaintiff's attorney should have expended no more than twenty hours drafting this particular opening brief. *See Hensley*, 461 U.S. at 437 (district court's discretion in determining the amount of the fee award "is appropriate in view of the district court's superior understanding of the litigation"). Plaintiff's attorney's affidavit of hours expended did not describe how Plaintiff's attorney spent his time in sufficient detail to allow this court to determine whether any special factors led to an increase in hours spent drafting the opening brief.[4] *See Hensley*, 461 U.S. at 433 ("Where the documentation of hours is inadequate, the [court] may reduce the award accordingly."); *Baldridge v. Nicholson*, 19 Vet. App. 227, 235 (2005) ("Large blocks of time associated with [] a single task . . . with only generalized descriptions . . . are not specific enough to permit the [c]ourt an adequate basis for review and are subject to reduction."). Because Plaintiff chose not to file a reply in support of his motion for an attorney's fee, this court has been presented with no arguments or cases that counsel against this result. *See Blum*, 465 U.S. at 897 (finding burden of establishing reasonableness of amount of fee award rests on fee applicant).

Based on the foregoing, Plaintiff shall be an awarded attorney's fee in the amount of $3,612.50 ($125.00 times 28.9 hours).

### *4.    Conclusion*

Based on the foregoing it is therefore

ORDERED as follows:

---

[4] Plaintiff's attorney describes his claimed 25.3 hours of work on Plaintiff's opening brief with only the following words: "Opening Brief." (Pl.'s Br., Ex. 1 [Newhall Statement of Hours].)

1. Plaintiff's motion for EAJA Attorney's Fees (# 26) is GRANTED in part.

2. The clerk shall forthwith enter judgment in favor of Plaintiff and against Defendant in the amount of $3,612.50.

Dated this 27th day of October, 2006.

BY THE COURT:

s/ Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge